# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COMMUNITY MEDICAL CENTER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00333-GSA PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>(Doc. 1)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER SECTION 1915(G) |

**I.     Screening Requirement**

Plaintiff Jerald Tucker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on February 24, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Complaint Allegations

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. He alleges that, on an unstated date, he injured his back while exercising. At approximately 3:00 p.m. on May 24, 2008, Plaintiff was in extreme pain and transported by gurney to the medical station. At approximately 6:00 p.m., a nurse arrived and gave Plaintiff a shot for the pain. He was then transported to the Correctional Treatment Center. At approximately 11:00 p.m., Plaintiff was transported by ambulance to Community Regional Medical Center ("CRMC"). Plaintiff arrived at CRMC at approximately 12:30 a.m. on May 25, 2008.[1]  (Doc. 1, Comp., p. 4.)

Plaintiff alleges that he waited at CRMC, in severe pain, without receiving treatment, until 6:30 a.m. At 6:30 a.m., an unidentified female nurse attempted to evaluate Plaintiff. She completed a questionnaire and then left the room. A male nurse entered and helped Plaintiff turn over on his side. The female nurse returned and asked Plaintiff to stand up. Plaintiff was unable to stand because he was in too much pain. Plaintiff alleges that he overheard the female nurse telling someone to send him back to CSATF because he was refusing to stand. Plaintiff states that he requested to be seen by a doctor several times, but the female nurse refused, stating he was going to

---

[1] Plaintiff's complaint states that he was taken to the hospital on May 28, 2008, however, according to hospital documents he provided, the actual date of the visit was May 25, 2008.

2

1  be discharged. (Id.) Plaintiff was given Vicodin, advised to see his physician in one week, and
2  discharged. (Id. at 9-10, 19.)
3  After being discharged, Plaintiff was taken by ambulance back to CSATF. The prison doctor
4  had him transported to Mercy Hospital in Bakersfield, California. Plaintiff was evaluated, diagnosed
5  with a pinched nerve and muscle tear, prescribed medication, advised to see his physician in four
6  days, and discharged. (Id. at 5, 11-13.) Plaintiff brings this suit requesting "the court to get [him]
7  money." (Id., § V.)

**III.    Discussion**

   **A.    Eighth Amendment Medical Care**

Liability under section 1983 exists where a defendant "acting under color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States."[2] Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

---

[2] While Defendants CRMC and Peterson are private parties, they were involved in Plaintiff's medical care at the request of state officials.

3

An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Additionally, a delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

Plaintiff's allegations are insufficient to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment. Even if Plaintiff was discharged from CRMC for failing to stand, there are no facts alleged that the nurse at CRMC knowingly disregarded a substantial risk of harm to Plaintiff. A medical evaluation was conducted and Plaintiff was prescribed medication and referred to followup with his physician. (Doc. 1, pp. 6-10.) Other than tests that were performed to give a probable diagnosis, this is essentially the same treatment that Plaintiff received at Mercy Hospital. (Id., pp. 11-13.)

Additionally, any delay in receiving medical treatment was minimal, as Plaintiff was seen and evaluated at Mercy Hospital the same day he was released from CRMC. Although Plaintiff received a diagnosis at Mercy Hospital, there is no suggestion that he suffered any further harm by being released from CRMC as the treatment recommended by both facilities was medication for pain. Wood, 900 F.2d at 1335.

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir.

4

1987). This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    Dated:   **October 26, 2010**          **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE